# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>JERRED CLIFFORD CALLAWAY,<br><br>　　　　　　　　　Defendant. | Case No. 3:13-cr-00058-MMD-WGC<br><br>ORDER |

Defendant Jerred Clifford Callaway is currently serving a 121-month sentence at Florence Federal Correctional Institution for possession with intent to distribute a controlled substance, following a guilty plea. (ECF No. 35 at 2.) Before the Court is Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c), which the Court construes as a motion for compassionate release.[1] (ECF No. 32 (the "Motion").) Defendant argues that he qualifies for early release or home confinement because of the COVID-19 pandemic[2] and the fact that he suffers from pneumonia sepsis and high fever, has been infraction-free for over 18 months, and has participated in a drug education class. (*Id.* at 1-2.) For the reasons explained below, the Court will deny the Motion.

Defendant seeks release under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA") of 2018. (ECF No. 32 at 1.) Section 3582(c)(1)(A) requires that a defendant ask the Bureau of Prisons ("BOP") to bring a motion for compassionate release on the defendant's behalf before filing such a

---

[1]The government opposes his release. (ECF No. 32.) Per the Court's order (ECF No. 33), the Federal Public Defenders Office filed a notice of non-supplementation (ECF No. 34) confirming that the Motion does not need any further supplementation.

[2]The Court issues this order during the COVID-19 pandemic, as a novel coronavirus is killing many people around the world, and many governments, including the governments of the United States and Nevada, have at least partially shut down their societies and economies in response.

motion with the court, normally done by submitting a request to the warden. 18 U.S.C. § 3582(c)(1)(A). In addition, a defendant may only bring a motion under Section 3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.*

Defendant claims he "has been denied by the 'BOP' for release" (ECF No. 32 at 1), but he fails to provide any evidence or further details. Furthermore, Defendant has not shown that he exhausted his administrative appeal or that the 30-day period has lapsed. Because Defendant has not properly exhausted the administrative process, the Court will deny the Motion.[3] *See United States v. Mogavero*, Case No. 2:15-cr-74-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020).

It is therefore ordered that Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c) (ECF No. 32) is denied without prejudice.

DATED THIS 8th day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.